**YOU JIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

**No. 03–40722–ag.**

United States Court of Appeals, Second Circuit.

April 3, 2007.

Joan Xie, New York, NY, for Petitioner.

Cynthia J. Hyde, Assistant United States Attorney, for Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Springfield, MO, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Petitioner You Jiang, a native and citizen of the People's Republic of China, seeks review of an October 2, 2003, order of the BIA affirming the January 18, 2002, decision of Immigration Judge ("IJ") Miriam K. Mills denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Jiang,* No. A77 309 517 (B.I.A. Oct. 2, 2003), *aff'g* No. A77 309 517 (Immig. N.Y. City Jan. 18, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, upholding them if they are supported by "reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We find that the IJ's adverse credibility determination contains significant flaws. For instance, the IJ incorrectly states that Jiang's I–589 form only described one confrontation with family planning officials in February 2000, while his testimony described two confrontations in March 2000 and April 2000. Contrary to the IJ's assertion, the I–589 form also describes two confrontations, one occurring in the "middle of March" and another in the "middle of April." This is entirely consistent with Jiang's testimony. The IJ repeats this error when she finds that the alleged confusion as to whether there was one or two confrontations "leads further to show how incoherent [Jiang's] claim is." Both Jiang's I–589 form and his testimony consistently describe two confrontations with family planning officials. The IJ also inaccurately finds that Jiang's I–589 form states that he opened the door when the family planning officials came in April 2000, while Jiang testified that his parents opened the door. Again, contrary to the IJ's assertion, the I–589 form does not state who opened the door on this occasion and thus there is no inconsistency. The IJ also incorrectly asserts that Jiang "totally omitted" from his testimony any reference to the police officer falling into a basin and wetting his clothes. Jiang testified, however, that he pushed the officer into a "wash pan." Furthermore, contrary to the IJ's finding, Jiang's testimony that the officers hit him on the back with sticks was not inconsistent with the statement in his I–589 application that the officers "h[e]ld sticks and hit on [him]." Similarly, Jiang's failure to specifically testify that he was hit on the head is too minor to support an adverse credibility finding. In light of these errors, we cannot state with confidence that the IJ would adhere to the same decision on remand. *See Cao He Lin,* 428 F.3d at 406.

We further note that the IJ's conclusory assertion at the end of her opinion that because Jiang's sister had moved elsewhere, Jiang too could relocate to other parts of China is insufficient to constitute an independent basis to deny Jiang's claim. The IJ's opinion contains no analysis as to why the mere fact that Jiang's sister had relocated was sufficient to satisfy the government's burden of proof, *see* 8 C.F.R.

§ 208.13(b)(3)(ii), that internal relocation was a viable option for Jiang as well. *Cf. Uwais v. U.S. Atty. Gen.,* 478 F.3d 513, 519 (2d Cir.2007) ("[T]he fact that a family member who has also been threatened chooses to remain in the home country or not to apply for asylum should generally not be used to impugn an applicant's claim: an individual's decision 'whether to leave one's friends, family, and country forever ... to seek asylum is a process that ... is personal, inscrutable, and dynamic,' and not easily compared.") (quoting *Pavlova v. INS,* 441 F.3d 82, 89 (2d Cir.2006)). While protecting his sister from family planning officials gave rise to his problems with the government, Jiang testified that he had a physical confrontation with family planning officials when they came for his sister and these officials continued to return to his house to look for him. He has therefore advanced a claim that is separate from his sister's situation since he himself had a confrontation with police and they were looking for him as a result of that confrontation.[2]

For the foregoing reasons, the petition for review is GRANTED, the BIA order is VACATED, and the matter is REMANDED for further proceedings consistent with this order.

**2.** Although Jiang did not raise this issue before the BIA, we may consider the argument anyway because, when the BIA affirms summarily pursuant to its streamlining authority, "the entirety of [the IJ's] decision—containing both issues that were and issues that were not raised to the BIA—is before us on review." *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007). "[I]n light of the government's silence on the matter of exhaustion, we invoke our discretion to excuse issue exhaustion in this case." *Id.* at 125.